IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT SUMNER, Jr. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 25-cv-692-SMY |
| | ) |
| FRENCH VILLAGE FIRE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Robert Sumner, Jr., Kate Jessica Sharkey, Christopher Hartman, Sharon Marshall, John Beil, Marci Ululana, Dana Sanchez, Tiffany Stroud, Twanon Mason, Samantha Sanchez, Brittany Rivorue, Cody Haps, Steven Szewezyw, and Tori Rea, filed the instant lawsuit against Defendant French Village Fire Department alleging they have been unlawfully surveilled and that one Plaintiff was illegally searched. Plaintiffs move for leave to proceed *in forma pauperis* ("IFP") (Docs. 12, 15–20, 22).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court's inquiry does not end there; § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. Thus, the Court may dismiss a case if

it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). The Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.

In the Complaint (Docs. 3, 14, 21)[1], Plaintiffs claim that since 2018, Defendant and others (not named as defendants) have conspired to violate their constitutional rights through illegal surveillance, hacking their electronic devices, destroying their personal property, and obtaining information through confidential informants and other unlawful means (Doc. 3, p. 7; Doc. 21, p. 3). One plaintiff alleges that on August 29, 2024, he or she was stopped by law enforcement while riding a bicycle, searched without consent, and that methamphetamine was found in a backpack he or she was carrying (Doc. 21, p. 17). Plaintiffs claim loss of housing and

---

[1] This Court disfavors a piecemeal approach to pleading and generally will not consider supplements to the Complaint. In the instance of efficiency, it will do so in this instance.

financial harm (Doc. 21, p. 14). As relief, Plaintiffs seek $10,000,000,000 in damages and the exclusion of any illegally obtained evidence from any proceedings (Doc. 14, p. 6).

A careful review of the Complaint reveals no claim for which relief may be granted by a federal court. *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999). Here, Plaintiffs offer only conclusory statements that their rights were violated and that they suffered damages, without providing any detailed factual allegations. Their claims regarding unlawful surveillance do not identify any actions taken by Defendant in connection with the alleged harm. Additionally, with respect to the claims of unlawful searches, Plaintiff's fail to specify which plaintiff was searched, who conducted the search, whether any drugs were seized, whether an arrest occurred, or any other details that would enable the Court to assess whether a Fourth Amendment violation is plausibly alleged.

Based on the foregoing, Plaintiffs' Complaint is **DISMISSED** and the motions to proceed *in forma pauperis* are **DENIED**.

**IT IS SO ORDERED.**

**DATED:** July 16, 2025

**STACI M. YANDLE**
**United States District Judge**